UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RORY B. HORN | ) |
| | ) |
| v. | ) |
| | ) No.: 1:12-cv-5 |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS | ) Mattice/Carter |
| | ) |
| | ) |
| | ) |

REPORT AND RECOMMENDATION

Rory B. Horn, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 44442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by §1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are

1

not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70)  Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

While plaintiff's complaint is sparse, it appears he brings this action against the Department of Veterans Affairs (the Department) because the Department has denied his claim for veterans benefits.  Thirty-eight U.S.C. § 511(a) precludes a district court from reviewing the Department's decisions concerning veterans benefits; rather, the Court of Veterans Appeals (CVA) has exclusive jurisdiction to review a denial of benefits by the Department and the Federal Circuit may then review appeals from the CVA.  *Beamon v. Brown*, 125 F.3d 965, 971 (6th Cir. 1997); *Thompson v. Veterans Administration*, 20 Fed. Appx. 367, 369 (6th Cir. Sept. 20, 2001).  Thus, this Court does not have jurisdiction to consider this claim.

The undersigned notes Mr. Horn states in his complaint that "the District Judge in 2011 ordered my case remanded, and as of August 2011 I have not been given any increase in benefits."  [Doc. 2, Complaint at p. 2].  The undersigned surmises that Mr. Horn is referring to his Social Security disability appeal, *Horn v. Commissioner of Social Security Administration,* Case No. 1:12-cv-253, filed in this Court on September 7, 2010 for review of the Commissioner's denial of disability insurance benefits under 42 U.S.C. §§ 416(i) and 423(d).  This action was remanded on September 6, 2011, to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further evaluation and does not relate to plaintiff's claim for veterans benefits.

Conclusion

Because a United States District Court does not have subject matter jurisdiction to review a denial of benefits by the Department of Veterans Affairs, it is RECOMMENDED[1] that plaintiff's action be DISMISSED with prejudice and that his application to proceed *in forma pauperis* [Doc. 1] be DENIED as moot.

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).